<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SM MEDICAL HOLDINGS CORPORATION, AS ASSIGNEE OF NR PENNSYLVANIA ASSOCIATES LLC, ALSO KNOWN AS RETREAT AT LANCASTER COUNTY, RETREAT BEHAVIORAL HEALTH AND NR FLORIDA ASSOCIATES, LLC, ALSO KNOWN AS RETREAT AT PALM BEACH COUNTY, RETREAT BEHAVIORAL HEALTH,<br><br>Plaintiff,<br><br>v.<br><br>AETNA, INC., *et al.*,<br><br>Defendants. | Civil Action No. 25-17581 (MAS) (RLS)<br><br>**MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court upon three motions. Plaintiff SM Medical Holdings Corporation, as assignee of NR Pennsylvania Associates, LLC, also known as Retreat at Lancaster County, Retreat Behavioral Health and NR Florida Associates, LLC, also known as Retreat at Palm Beach County, Retreat Behavioral Health ("Plaintiff") filed a Motion to Remand.[1] (ECF No. 16.) Defendant Aetna, Inc. ("Aetna"), opposed Plaintiff's Motion to Remand and filed a Cross-Motion to Sever Plaintiff's Claims. (ECF No. 25.) Plaintiff did not file a reply to its Motion to Remand and did not oppose Aetna's Cross-Motion. Defendants AmeriHealth Administrators and

---

[1] Plaintiff is misidentified on the docket as two separate plaintiffs. SM Medical Holdings Corporation is the assignee of both: (1) NR Pennsylvania Associates, LLC, also known as Retreat at Lancaster County, Retreat Behavioral Health; and (2) NR Florida Associates, LLC, also known as Retreat at Palm Beach County, Retreat Behavioral Health.

Independence Blue Cross (collectively, "AmeriHealth and IBC") also filed a Motion to Dismiss Plaintiff's Complaint. (ECF No. 40.) Plaintiff opposed (ECF No. 47), and AmeriHealth and IBC replied (ECF No. 48). The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b). For the reasons below, Plaintiff's Motion is granted and the Court lacks jurisdiction to address Aetna's Cross-Motion and AmeriHealth and IBC's Motion.

## I.    BACKGROUND

This is a receivership action in which Plaintiff, pursuant to a bill of sale, acquired certain accounts receivable from each of the nineteen defendants originally named in this action. (Compl. ¶ 1, ECF No. 1-1.) For each named defendant, Plaintiff alleges that it: (1) performed services based on that defendant's promise to pay the amount agreed upon; (2) made a demand for payment; and (3) has not received that payment. (*See, e.g., id.* at ¶¶ 21-24.[2])

Aetna removed this action from the Superior Court of New Jersey, Hunterdon County, on November 14, 2025. (*See generally* Not. of Removal, ECF No. 1.) Aetna removed this action on two grounds: (1) on the basis of federal question jurisdiction under 28 U.S.C. § 1331, alleging that Plaintiff's claims are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq. (id.* at ¶¶ 9-13); and (2) on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists if the Court were to disregard the citizenship of the fraudulently misjoined diversity-defeating defendant, and the amount in controversy exceeds $75,000 (*id.* at ¶¶ 17-24).

---

[2] The numbered paragraphs in the Complaint are not continuous. The parties are first listed as numbered paragraphs one through twenty. The numbered paragraphs restart at Count One with paragraph one and are continuous thereafter.

Plaintiff filed a Motion to Remand on December 12, 2025. (*See generally* Pl.'s Mot. to Remand, ECF No. 16.) Aetna filed a consolidated opposition to Plaintiff's Motion and a Cross-Motion to Sever Plaintiff's Claims on January 6, 2026. (*See generally* Aetna's Cross-Mot. to Sever, ECF No. 25.) Plaintiff neither opposed Aetna's Cross-Motion nor replied in further support of its own Motion to Remand. On February 6, 2026, AmeriHealth and IBC filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (*See generally* AmeriHealth & IBC's Mot. to Dismiss, ECF No. 40.) Plaintiff filed an opposition on March 23, 2026 (Pl.'s Opp'n Br., ECF No. 47), and AmeriHealth and IBC replied on March 30, 2026 (AmeriHealth & IBC's Reply Br., ECF No. 48).

## II.    LEGAL STANDARD

For removal to be proper, a federal court must have original jurisdiction; that is, the removed claims must arise from a "right or immunity created by the Constitution or laws of the United States[,]" or there must be complete diversity between the parties. *Concepcion v. CFG Health Sys. LLC*, No. 13-2081, 2013 WL 5952042, at *2 (D.N.J. Nov. 6, 2013) (quoting *Boncek v. Pa. R. Co.*, 105 F. Supp. 700, 705 (D.N.J. 1952)); 28 U.S.C. §§ 1331, 1332. To satisfy the jurisdictional requirements of 28 U.S.C. § 1332(a)(1), the federal diversity statute, no plaintiff can be a citizen of the same state as any of the defendants and the amount in controversy must exceed $75,000.00. *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010).

A motion to remand is governed by 28 U.S.C. § 1447(c), which provides that a case removed to federal court shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1446(c). After a matter is filed in state court, a defendant may remove any action over which the federal courts have jurisdiction.

3

28 U.S.C. § 1441(a). The party removing the action has the burden of establishing federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). Removal statutes are "strictly construed against removal and all doubts should be resolved in favor of remand." *Id.*

### III.    <u>DISCUSSION</u>

Before the Court can address Aetna's Cross-Motion to Sever and AmeriHealth and IBC's Motion to Dismiss, the Court must address whether it can exercise jurisdiction over this matter. *See Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 94 (1998) ("Without jurisdiction[,] the court cannot proceed at all in any cause." (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868))); *Freeland v. Liberty Mut. Ins. Co.*, No. 07-6160, 2008 WL 2625226, at *2 (D.N.J. June 27, 2008) ("When subject matter jurisdiction is in question, the Supreme Court has held that subject matter jurisdiction should be resolved before any other matters are adjudicated," and as such, a "ruling on the motion to remand may obviate the need for a decision on the motions to sever.").

In its Motion to Remand, Plaintiff principally argues that neither federal question jurisdiction nor diversity jurisdiction exists here. (*See generally* Pl.'s Moving Br., ECF No. 16-1.) In response, Aetna contends that removal is proper for two reasons: (1) Plaintiff's claim against it is preempted by ERISA; and (2) its diversity-defeating co-defendant was fraudulently misjoined. (Def.'s Opp'n Br. *8-11, *13-16, ECF No. 25-1.[3]) The Court addresses each of Aetna's arguments in turn as it bears the burden of establishing federal jurisdiction. *See Steel Valley Auth.*, 809 F.2d at 1010.

---

[3] Page numbers that are preceded by an asterisk refer to the page numbers atop the ECF header.

## A. ERISA Preemption

Aetna first argues that, as an assignee, Plaintiff's right to reimbursement of healthcare accounts receivable directly implicates employee benefit determinations under ERISA, and therefore, complete preemption exists. (Def.'s Opp'n Br. *16.) Aetna accordingly contends that Plaintiff pleads a federal cause of action on the face of the Complaint. (*Id.*) For the following reasons, the Court does not agree.

A district court has original jurisdiction over claims "arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1331. It is long settled "that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (citation omitted). A defendant's removal based on a federal defense or the presence of a federal issue does not ordinarily permit the Court to exercise jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Merrell Dow Pharms. Inc. v. Thomspon*, 478 U.S. 804, 813 (1986). An exception exists, however, where the well-pleaded complaint "falls within the narrow class of cases to which the doctrine of 'complete pre[]emption' applies." *Pascack Valley Hosp. v. Loc. 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 399 (3d Cir. 2004) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004)). In such a circumstance, the Court "may look beyond the face of the complaint to determine whether a plaintiff has artfully pleaded his suit so as to couch a federal claim in terms of state law." *Id.* at 400 (citing *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 274 (3d Cir. 2001)).

ERISA intends "'to promote the interests of employees and their beneficiaries in employee benefit plans' by ensuring benefit plans [are] well managed and [will] not leave plan participants short-changed." *Plastic Surgery Ctr., P.A. v. Aetna Life Ins. Co.*, 967 F.3d 218, 225 (3d Cir. 2020) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90 (1983)). "ERISA creates two forms of

5

pre[]emption." *Somerset Orthopedic Assocs., P.A. v. Aetna, Inc.*, No. 19-12544, 2019 WL 13535769, at *7 (D.N.J. Oct. 24, 2019). The first is express preemption under Section 514(a) where ERISA "supersede[s] any and all [s]tate laws insofar as they may now or hereafter relate to any employee benefit plan." *Plastic Surgery Ctr.*, 967 F.3d at 226 (first alteration in original) (quoting 29 U.S.C. § 1144(a)). The second is complete preemption under Section 502(a)—ERISA's civil enforcement mechanism—which has such "'extraordinary pre[]emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Davila*, 541 U.S. at 209 (quoting *Taylor*, 481 U.S. 58, 65-66 (1987)). As such, "causes of action within the scope of the civil enforcement provisions of [Section] 502(a) [are] removable to federal court." *Id.* (second alteration in original) (quoting *Taylor*, 481 U.S. at 66).

Section 502(a) completely preempts a state law cause of action, and thus permits removal, only if: (1) the plaintiff has standing to assert a claim under Section 502(a); and (2) no other independent legal duty can support the plaintiff's claim. *Pascack*, 388 F.3d at 400 (citing *Davila*, 541 U.S. at 210).[4] Under prong one of the *Pascack* test, a plaintiff could have brought a claim under Section 502(a) if: (1) the plaintiff is a "participant or beneficiary"[5] seeking to "recover [the] benefits due to him under the terms of the plan"; and (2) the actual claim asserted "can be construed

---

[4] "Because the test is conjunctive, a state[ ]law cause of action is completely preempted only if both of its prongs are satisfied." *N.J. Carpenters & the Trs. Thereof v. Tishman Constr. Corp. of N.J.*, 760 F.3d 297, 303 (3d Cir. 2014) (citing *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 328 (2d Cir. 2011)).

[5] A "participant" is "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *Id.* § 1002(8).

as a colorable claim for benefits[.]" *Atl. Shore Surgical Assocs. v. Loc. 464A United Food & Com. Workers Union Welfare Fund*, No. 17-12166, 2018 WL 3611074, at *3 (D.N.J. July 27, 2018); 29 U.S.C. § 1132(a)(1)(B). Under prong two, a legal duty is independent if it "is not 'derived from[] or conditioned upon' the terms of an ERISA plan, and '[n]obody needs to interpret the plan to determine whether that duty exists.'" *N.J. Carpenters & the Trs. Thereof v. Tishman Constr. Corp. of N.J.*, 760 F.3d 297, 303 (3d Cir. 2014) (second alteration in original) (quoting *Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609, 614 (6th Cir. 2013)).

Here, Aetna has not established that either prong of the *Pascack* test is satisfied since it failed to address the test in its briefing. *See Van Etten v. Wells Fargo Bank, N.A.*, No. 18-11638, 2025 WL 3012242, at *12 (D.N.J. Oct. 28, 2025) (noting "it is not the Court's job to dig through the record and formulate arguments on behalf of counsel"); *United States v. Morton*, 993 F.3d 198, 204 n.10 (3d Cir. 2021) ("Rooting around for [] answer[s] . . . is not [the Court's] role, of course, as '[j]udges are not like pigs, hunting for truffles buried in the record.'" (fourth alteration in original) (citation omitted)). The Court, however, briefly addresses the *Pascack* test below.

First, Aetna has not demonstrated that Plaintiff has standing to recover the benefits due to it under the terms of an ERISA plan. Healthcare providers are neither participants nor beneficiaries "in their own right" but, as Aetna correctly observes, healthcare providers "may obtain derivative standing by assignment from a plan participant or beneficiary" "when a patient assigns payments of insurance benefits to [the] healthcare provider[.]" *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015). In such a circumstance, the healthcare provider then "gains standing to sue for [] payment under [Section] 502(a)" because "[a]n assignment of the right to payment logically entails the right to sue for non-payment." *Id.* (citation omitted). Here, however, the Complaint alleges that Plaintiff was assigned certain accounts receivable due pursuant to a bill

7

of sale and that Aetna is indebted to Plaintiff in the amount of $2,277,892.60 on a book account. (Compl. ¶¶ 1, 21.) The Complaint does not allege that the right to payment stems from a patient's plan or an assignment thereof. (*See generally id.*) Aetna, additionally, has not submitted any documentation for the Court to consider the language of the assignment from any plan participant to Plaintiff. *See, e.g., Ctr. for Orthopedics & Sports Med. v. Horizon*, No. 13-1963, 2015 WL 5770385, at *4 (D.N.J. Sep. 30, 2015) (noting that whether a healthcare provider may bring claims under ERISA depends on the language of the assignment itself). Moreover, in its Notice of Removal, Aetna insinuates that Plaintiff does not have standing to pursue its claim under ERISA. (*See* Not. of Removal ¶ 13 n.2 ("Aetna reserves the right to assert that Plaintiff does not have standing under ERISA.").) Because ERISA standing is a requirement to establishing complete preemption, Aetna's reservation of rights to challenge Plaintiff's standing is not compatible with its stated basis of removal. *See N. Jersey Ctr. for Surgery, P.A. v. Horizon Blue Cross Blue Shield of N.J., Inc.*, No. 07-4812, 2008 WL 4371754, at *4 (D.N.J. Sep. 18, 2008) (finding that "[i]n the absence of any evidence of [an] assignment, [d]efendant cannot reconcile its removal burden of proving [p]laintiff's standing under ERISA and its defense that would effectively negate [p]laintiff's standing."). And since the issue of Plaintiff's standing is not fully developed in the record here, the Court finds that prong one of *Pascack* is not met.

Second, Aetna has not demonstrated that Plaintiff's claims are conditioned upon the terms of an ERISA plan.[6] The Complaint alleges that Plaintiff provided services to Aetna upon the

---

[6] Aetna cites to *Advanced Orthopedics & Sports Medical Institute, P.C. v. Oxford Health Insurance, Inc.*, No. 21-17221, 2022 WL 1718052, at *5 (D.N.J. May 27, 2022) for the proposition that state law claims made by medical providers seeking reimbursement for assigned benefits relate to ERISA plans and are, therefore, completely preempted. (Def.'s Opp'n Br. *16.) Aetna's reliance on *Advanced Orthopedics* is, however, misplaced because that matter addressed express preemption under Section 514(a), whereas Aetna can remove this action to federal court only on the basis of complete preemption under Section 502(a).

8

promise made by Aetna to pay $2,277,892.60 for those services. (Compl. ¶¶ 21-24.) There is no indication that Plaintiff's claim for account stated is based upon an obligation under an ERISA plan, nor does the Court need to interpret any provisions within an ERISA plan to determine whether Plaintiff can recover the amount it claims it is owed. *See N.J. Carpenters*, 760 F.3d at 303 (stating that a claim is independent if it "is not derived from[] or conditioned upon the terms of an ERISA plan, and [n]obody needs to interpret the plan to determine whether that duty exists[.]" (second alteration in original) (internal quotation marks and citation omitted)). Rather, Plaintiff's claim against Aetna is rooted in the contractual or quasi-contractual relationship between Aetna and Plaintiff for services rendered pursuant to an agreed-to price for those services. (*See* Compl. ¶¶ 21-24.) Prong two of *Pascack* is accordingly not met.

In sum, the Court concludes that Plaintiff's claim against Aetna is not completely preempted by ERISA. As such, federal question jurisdiction is neither apparent on the face of Plaintiff's Complaint, nor has Plaintiff couched a federal claim into a state law claim. *See Pascack*, 388 F.3d at 400.

### B.    Fraudulent Misjoinder

Here, complete diversity of citizenship is lacking on the face of the Complaint. Both Plaintiff and Defendant Horizon Blue Cross Blue Shield of New Jersey ("HBCBS of New Jersey") are citizens of New Jersey. (*See generally* Compl.) In removing this action, however, Aetna contends that the Court may disregard the citizenship of HBCBS of New Jersey because it is a fraudulently misjoined party. (Not. of Removal ¶¶ 17-24.) In its Motion to Remand, Plaintiff argues that the doctrine of fraudulent misjoinder does not apply here and that many courts have rejected its application. (Pl.'s Moving Br. 11-13.) In response, Aetna, however, asserts that: (1) its removal based upon the fraudulent misjoinder doctrine was appropriate; (2) the Court should adopt the doctrine; and (3) the Court should apply the doctrine to sever HBCBS of New Jersey from this

9

action to preserve diversity jurisdiction.[7] (Def.'s Opp'n Br. *9-11, *13-16.) Absent directive from the Third Circuit, this Court joins the other district courts in this Circuit that decline to adopt the fraudulent misjoinder doctrine.

The doctrine of fraudulent misjoinder is different than fraudulent joinder. Fraudulent joinder is an exception to the complete diversity requirement of 24 U.S.C. § 1332(a)(1), and an action may still be removed if the removing party "can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *In re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006). Fraudulent joinder exists if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Id.* at 216 (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)).

Fraudulent misjoinder, on the other hand, "focuses on [the] procedural deficiencies of a party's joinder." *In re Fosamax (Alendronate Sodium) Prods. Liab. Litig. (No. II)*, No. 11-3045, 2012 WL 1118780, at *2 (D.N.J. Apr. 3, 2012), *aff'd*, 751 F.3d 150 (3d Cir. 2014) (citation omitted). The doctrine "recognizes the power of a district court to sever claims against a non-diverse party that were egregiously misjoined to preserve a defendant's right to removal." *City of Phila. v. S.C. Johnson & Son*, No. 25-6120, 2026 WL 1195594, at *3 (E.D. Pa. Apr. 30, 2026) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Off. Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)). Beyond the Eleventh Circuit, no other Circuit has adopted the fraudulent misjoinder doctrine. *Id.* (collecting cases). Nor

---

[7] Aetna's request to sever HBCBS of New Jersey as a fraudulently misjoined party is distinct from its Cross-Motion to Sever. In its Cross-Motion, Aetna seeks to sever all of Plaintiff's claims from each defendant named in this action. (Def.'s Opp'n Br. *6, *8, *11-13.) Aetna contends that the issue of fraudulent misjoinder is moot if the Court simply grants its Cross-Motion to Sever. (*Id.* at *8.)

has the Third Circuit addressed fraudulent misjoinder. *See In re Fosamax*, 2012 WL 1118780, at *3 n.4.[8] Indeed, "an overwhelming number of courts in this district have declined to apply the fraudulent misjoinder doctrine." *See In re Plavix Prod. Liab. & Mktg. Litig.*, No. 13-2418, 2014 WL 4954654, at *11 (D.N.J. Oct. 1, 2014) (collecting cases).

The criticisms of the fraudulent misjoinder doctrine are persuasive. First, various courts have explained that "the fraudulent misjoinder doctrine amounts to an improper expansion of the scope of federal jurisdiction by federal courts." *Id.* (citing *Rutherford v. Merk & Co., Inc.*, 428 F. Supp. 2d 842 (S.D. Ill. 2006)). Second, removal statutes are strictly construed, and the Supreme Court has proclaimed only one narrow exception to the rule of complete diversity: fraudulent joinder. *S.C. Johnson*, 2026 WL 1195594, at *4 (citations omitted). Third, there is a lack of uniformity in the application of the fraudulent misjoinder doctrine, causing it to become an "unpredictable and complex jurisdictional rule." *Id.* at 5 (quoting *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010)); *accord In re Plavix*, 2014 WL 4954654, at *13 ("[T]he Court's review of the case law regarding the fraudulent misjoinder doctrine that has emerged since *Tapscott* reveals enormous judicial confusion and inconsistencies engendered by the doctrine."). Fourth, "[s]ome courts have found this doctrine to be an unconstitutional creation of common law." *Kaufman v. Allstate Ins. Co.*, No. 07-6160, 2010 WL 2674130, at *7 (D.N.J. June 30, 2010) (citing *Bankcroft v. Bayer Corp.*, No. 09-787, 2009 WL 3156706, at *3 (S.D. Ill. Sep. 29, 2009)). Fifth, the doctrine is a "usurpation of the traditional ability of state courts to resolve procedural questions

---

[8] The district court in *In re Fosamax* utilized the fraudulent misjoinder doctrine to sever a non-diverse party. No. 11-3045, 2012 WL 1118780, at *4-6 (D.N.J. Apr. 3, 2012), *aff'd*, 751 F.3d 150 (3d Cir. 2014). On appeal to the Third Circuit, the district court's fraudulent misjoinder ruling was not at issue, and therefore, the Third Circuit merely found "no reason to disturb" the district court's ruling on jurisdiction. *In re Fosamax (Alendronate Sodium) Prods. Liab. Litig. (No. II)*, 751 F.3d 150, 156 n.10 (3d Cir. 2014).

central to the administration of their cases." *Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 816 (5th Cir. 2021). The Court echoes these reasons in declining to apply the doctrine of fraudulent misjoinder here absent directive from the Third Circuit. "As a matter of policy, this approach is prudent in light of the . . . well-settled principle that the removal statutes should be strictly construed, and all doubts regarding the propriety of removal are to be resolved in favor remand." *In re Plavix*, 2014 WL 4954654, at *13.

In sum, the Court concludes that Aetna has failed to meet its burden in demonstrating that federal question jurisdiction or diversity jurisdiction is present here. Accordingly, this action must be remanded for want of subject matter jurisdiction.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's Motion. The Court lacks jurisdiction to address Aetna's Cross-Motion and AmeriHealth and IBC's Motion. The Court will issue an order consistent with this Memorandum Opinion.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: July 15th, 2026

12